IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samantha Jo Garland, | ) | C/A No. 5:12-90-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Belvin Lee Sherrill, Georgetown County, | ) | |
| & the Office of the Sheriff of Georgetown | ) | |
| County, South Carolina, jointly, severally | ) | |
| or in the alternative, A Lane Cribb, | ) | |
| individually and in his official capacity, | ) | |
| | | |
| Defendants. | | |

Plaintiff Samantha Jo Garland filed this action seeking relief pursuant to 42 U.S.C. § 1983 for violations of her Eighth and Fourteenth Amendment rights. ECF No. 25. Plaintiff also brings state law claims for rape-common law assault and battery, negligence, and intentional infliction of emotional distress. *Id.* Plaintiff is not currently incarcerated. This matter is before the court on Plaintiff's Motion for Partial Summary Judgment against Defendant Sherrill on the Issue of Liability, filed April 19, 2012. ECF No. 29. Defendant Sherrill filed an opposition to Plaintiff's motion on June 7, 2012, ECF No. 33, and Plaintiff filed a reply to Defendant's response on June 13, 2012, ECF No. 34. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.    Background

During the time period related to the allegations in Plaintiff's Complaint, Plaintiff was serving a 30-day sentence in the Georgetown County Detention Center for failure to make bond

on a DUI charge. ECF No. 29-1 at 1. Plaintiff alleges that, on or about December 11, 2009, Defendant Sherrill engaged in non-consensual oral sex with her. *Id.* At the time of the incident, Defendant Sherrill was employed by the Georgetown County Sheriff's Department as a detention officer at the Georgetown County Detention Center. ECF No. 33 at 1. Sherrill was subsequently terminated by the Sheriff's Office and was charged with violation of South Carolina Code Ann § 44-23-1150 Sexual Misconduct with an inmate, patient, or offender. *Id.* at 2. Section 44-23-1150 provides, in pertinent part, that:

> (A)(2) "Victim" means an inmate or patient who is confined in or lawfully or unlawfully absent from a prison, jail, or mental health facility, or who is an offender on parole, probation, or other community supervision programs. A victim is not capable of providing consent for sexual intercourse or sexual contact with an actor.
>
> (B) An actor is guilty of sexual misconduct when the actor, knowing that the victim is an inmate, offender, or patient voluntarily engages with the victim in an act of sexual intercourse, whether vaginal, oral, or anal, or other sexual contact for the purpose of sexual gratification.

S.C. Code Ann. § 44-23-1150(A)(2) & B. On January 23, 2012, Defendant Sherrill pled guilty to First Degree Sexual Misconduct with Plaintiff pursuant to the statute and was sentenced to ten years, suspended upon the service of 18 months. ECF No. 29-2 at 5-6, 16. Plaintiff filed this action on December 1, 2011 and seeks compensatory damages, punitive damages and attorney fees and costs. ECF Nos. 1-1 and 25. Plaintiff filed an Amended Complaint on March 7, 2012 which updated the facts supporting her § 1983 claim to include Sherrill's guilty plea. ECF No. 25.

## II.     Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of

its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

III.     Analysis

Plaintiff contends that she is entitled to summary judgment on her § 1983 claim against Defendant Sherrill because Sherrill's plea of guilty under S.C. Code Ann. § 44-23-1150 establishes that Sherrill committed felony sexual intercourse upon Plaintiff without her consent. ECF No. 29-1 at 6. Plaintiff argues that sexual intercourse between a guard and inmate violates the Eighth and Fourteenth Amendments and she is therefore entitled to both punitive and actual damages. *Id.* Defendant Sherrill opposes Plaintiff's motion and contends that a comparison

between the allegations of Plaintiff's Complaint and the verbiage in the indictment reveals that Sherrill did not admit to "acting out of malice or sadism towards Plaintiff" or to "knowingly violating Plaintiff's rights" and that both these elements are essential to Plaintiff's claims. ECF No. 33 at 6-7. Defendant further contends that the issue of damages and proximate cause were not contemplated within the indictment that Defendant pled to, or litigated, and that Plaintiff must establish both of these elements to sustain her § 1983 claims. ECF No. 33 at 7. In reply, Plaintiff argues that Sherrill's sexual assault allows for Plaintiff to recover, at least, presumed nominal damages and removes from Plaintiff's § 1983 action the common law tort requirement for proximate cause/actual injury. ECF No. 34 at 3-4. Plaintiff contends that these presumed nominal damages also support a punitive damages award. *Id.* at 4.

Plaintiff asserts that Defendant Sherrill's guilty plea establishes as a matter of law that Sherrill violated her Eighth and Fourteenth Amendment rights. ECF No. 29-1. The indictment that Defendant Sherrill pled guilty to stated:

> That Belvin Lee Sherrill, Jr., did at the Georgetown County Detention Center while being employed as a detention officer, on or about December 11, 2009, did voluntarily engage in oral sex with Ms. Samantha Garland. This act being done for the purpose of sexual gratification, while the female inmate was under his custody and control and who was also confined in the Georgetown County Detention Center, without her consent, in violation of Section 44-23-1150(c)(1), S. C. Code of Laws, 1976, as amended.

ECF No. 29-3 at 2.

The Eighth Amendment[1] prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish an Eighth Amendment claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and

---

[1] The Eighth Amendment applies to the States through the Fourteenth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).

[that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). "Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the [sexual . . .] abuse itself may, in some circumstances," satisfy the subjective component of an Eighth Amendment claim. *Carr v. Hazelwood,* No. 7:07cv00001, 2007 WL 4410694, at *3 (W.D.Va. Dec. 14, 2007) (internal citations omitted). Allegations of sexual abuse can also satisfy the objective component of an Eighth Amendment claim. *Hammond v. Gordon County,* 316 F. Supp. 2d 1262, 1287 (N.D.Ga. 2002); *see also Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) (finding that the jurisprudence is clear that "severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation").

The undersigned has reviewed Defendant Sherrill's indictment and guilty plea transcript and finds that the facts to which Defendant pled do not establish a § 1983 violation as a matter of law. Under the doctrine of collateral estoppel, also known as issue preclusion, when an issue has been actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action whether on the same or a different claim. *S.C. Prop. and Cas. Ins. Guar. Assoc. v. Wal-Mart Stores, Inc.*, 403 S.E.2d 625, 627 (S.C. 1991). Collateral estoppel may not be invoked, however, unless the precluded party has had a full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him the opportunity to relitigate the issue. *Id.* In addressing the preclusive effect of a criminal conviction, South Carolina courts have found that "once a person has been criminally convicted, the person is bound by that adjudication in a subsequent civil proceeding based on the same facts underlying the criminal conviction." *Doe v. Doe*, 551 S.E.2d 257, 258 (S.C. 2001).

The issues of fact that were decided by virtue of Sherrill's conviction were that Sherrill, as a correctional officer, engaged in a sexual act with Plaintiff without her consent. Plaintiff's lack of consent, however, was based on the statutory language that an inmate cannot consent to sexual activity with a guard, regardless if consent was actually given or of the circumstances surrounding the sexual activity between the parties. The factual circumstances underlying the sexual contact between the parties, however, is clearly relevant to whether Sherrill acted "with a sufficiently culpable state of mind" and such evidence is not before the court. While Plaintiff's evidence may be sufficient to demonstrate that triable issues of fact exist, this evidence does not eliminate all doubt as to Sherrill's liability, as is required to grant judgment in Plaintiff's favor on her pending motion. The undersigned finds that Plaintiff has not met her burden under Fed. R. Civ. P. 56 to show that no genuine issues of fact remain and accordingly recommends that Plaintiff's motion for partial summary judgment against Defendant Sherrill, ECF No. 29, on the issue of liability on her § 1983 claim be denied.

IT IS SO RECOMMENDED.

January 11, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6