IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Samantha Jo Garland, ) | C/A NO. 5:12-0090-CMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Belvin Lee Sherrill, Georgetown County, ) | |
| and the Office of the Sheriff of Georgetown ) | |
| County, South Carolina, jointly, severally ) | |
| or in the alternative, and A. Lane Cribb, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's complaint, asserting claims pursuant to 42 U.S.C. § 1983 and several state law claims.[1] On April 19, 2012, Plaintiff moved for partial summary judgment against Defendant Belvin Lee Sherrill (Sherrill) on the issue of liability. On June 7, 2012, Sherrill responded in opposition, and on June 13, 2012, Plaintiff replied to Sherrill's opposition.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 10, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's motion be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 23, 2013. ECF No. 65.

---

[1]This matter was originally filed in the Charleston County Court of Common Pleas and was thereafter removed to this court on January 9, 2012.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and its conclusions. Therefore, the court adopts and incorporates the Report by reference in this order.

Plaintiff cites several cases in her brief in support of partial summary judgment and again in her objections to support the position that Defendant Sherrill's felony guilty plea "establishes [as a matter of law that] Defendant Sherrill had a sufficiently culpable state of mind to establish an Eighth Amendment violation." Obj. at 4 (ECF No. 65). However, as noted by the Magistrate Judge, Plaintiff's lack of consent was, pursuant to the guilty plea entered by Defendant Sherrill, based upon "the statutory language that an inmate cannot consent to sexual activity between the parties." Report and Recommendation ("Report") at 6 (ECF No. 63). "The factual circumstances underlying the sexual contact between the parties, however, is clearly relevant" to the Eighth Amendment analysis. *Id*. As noted by the court in *Phillips v. Bird*, 2003 WL 22953175 (D. Del. 2003), there is "no legislative history . . . that supports the conclusion that consensual sex between a prison inmate and a guard, in the prison setting, rises to the level of a violation of the Eighth Amendment's prohibition

against cruel and unusual punishment." 2003 WL 22953175 at *4.[2]

Plaintiff's remaining objections are without merit. Accordingly, Plaintiff's motion for partial summary judgment on liability as to Defendant Sherrill is **denied**, and this matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 13, 2013

---

[2] At least one court has determined that a prisoner is entitled to a presumption that the conduct was not consensual when a prisoner alleges sexual abuse by a prison guard. *See Wood v. Beauclair*, 692 F.3d 1041, 1049 (9th Cir. 2012). "The [officer] then may rebut the presumption by showing that the conduct involved no coercive factors." *Id*.

3